IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS L. MANGAN, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 10-5829 (JBS/KMW) |
| CORPORATE SYNERGIES GROUP, INC. and PANTELIS A. GEORGIADIS, | **OPINION** |
| Defendants. | |

APPEARANCES:

Daniel Bencivenga, Esq.
RAYNES MCCARTY
116 White Horse Pike
Haddon Heights, NJ 08035
     Attorney for Plaintiff

Sara A. Begley, Esq.
Wayne C. Stansfield, Esq.
Nipun Jashbhai Patel, Esq.
REED SMITH,LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, Pa 19103
     Attorneys for the Defendants

**SIMANDLE,** District Judge:

**I. INTRODUCTION**

     Plaintiff Thomas L. Mangan brought this action for

defamation against Defendants Corporate Synergies Group ("CSG")

and Pantellis A. Georgiadis.  Presently this matter is before the

Court on Defendants' motion to dismiss Plaintiff's defamation

claim in Count III of the Amended Complaint for failure to state

a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. [Docket Item

14].  As will be explained below, the Court will deny the motion in part because the Court finds that Plaintiff has stated a prima facie case for defamation with regard to certain of Defendants' alleged statements, but the Complaint does not contain sufficient facts for Defendants to invoke the affirmative defenses of a qualified privilege.

## II. FACTS

The Court takes the following facts, alleged in Plaintiff's Complaint, to be true for the purposes of this motion.  In September of 2009, Defendant CSG hired Plaintiff to serve as its chief executive officer.  Am. Compl. ¶¶ 10, 12.  However, on July 1, 2010, Plaintiff was terminated; according to Defendants, the termination was for cause pursuant to his Employment Agreement. Id. at ¶¶ 2, 23-24.

The day after Plaintiff's termination, CSG appointed Defendant Georgiadis as its new CEO.  Id. at ¶ 61.  That same day, Plaintiff alleges that Defendant Georgiadis met with members of CSG's operating committee and accused Plaintiff of "financial improprieties," and stated that CSG had lost faith in Mr. Mangan's leadership ability and management skills.  Id. at ¶¶ 63-64.  According to the Amended Complaint, a few weeks later, Defendant Georgiadis conducted several town hall meetings with CSG's employees and consultants by videoconference.  Id. at ¶ 67. During these meetings, Plaintiff alleges that Defendant

Georgiadis repeated his previous accusations, allegedly implying that Plaintiff was fired for "cooking the books." Id. at ¶ 68.


### III. PROCEDURAL HISTORY

In November 2010, Plaintiff commenced suit against CSG and Defendant Georgiadis, asserting claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) defamation.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).[1]

Defendants responded by filing a partial motion to dismiss Plaintiff's claims for breach of the duty of good faith and fair dealing and defamation, and to strike Plaintiff's claims for attorney's fees.  [Docket Item 8.]  Thereafter, Plaintiff filed an Amended Complaint, asserting claims for breach of contract and defamation, but dropping the claim for breach of the duty of good faith and fair dealing.  [Docket Item 11.]  Defendants then filed the instant motion to dismiss Plaintiff's defamation claim, Count III of the Amended Complaint, for failure to state a claim.


### IV. DISCUSSION

#### A.  Standard of Review

In deciding the Defendants' motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as

---

[1]  Plaintiff is a resident of Connecticut, Defendant CSG is a Delaware corporation with its principal place of business in New Jersey, and Defendant Georgiadis resides in New Jersey.

true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).

> Therefore . . . district courts should conduct a two-part analysis. First . . . the District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

**B.  Defamation Claim**

The first issue the Court must address is the specificity of pleading necessary for Plaintiff to survive a motion to dismiss. In the context of a defamation claim, New Jersey courts apply a heightened pleading standard, which would require Plaintiff to refer to the specific words by which Defendants purportedly defamed Plaintiff. See Zoneraich v. Overlook Hosp., 212 N.J. Super. 83, 101 (App. Div. 1986). Because Plaintiff does not plead the specific words, Defendants move to dismiss the

defamation Claim in Count III as failing to meet the New Jersey pleading standard.  The Court disagrees.

A federal court sitting in diversity applies the Federal Rules of Civil Procedure, provided the rule in question is valid and on-point.  See Hanna v. Plumer, 380 U.S. 460, 472 (1965). Here, Rule 8 is on-point because it articulates the required federal pleading standard.  Moreover, Defendants do not contend that Rule 8 embodies an invalid exercise of power under the Rules Enabling Act.  Thus, the federal pleading standards, not New Jersey pleading standards, govern the sufficiency of the Complaint.  See Palladino v. VNA of S. N.J., Inc., 68 F. Supp. 2d. 455, 475 (D.N.J. 1999); see also Ciemniecki v. Parker McCay P.A., Civ. No. 09-6450, 2010 WL 2326209, at *4 (D.N.J. June 7, 2010).

Under the federal pleading standard, a plaintiff alleging defamation needs to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] Fed. R. Civ. P. Rule 8(a)(2).  Under Rule 8, pleadings are to be "liberally construed," and alerting the defendant of the allegations made against him is generally sufficient.  Palladino, 68 F. Supp. 2d at 475; see also Cristelli v. Filomena II, Inc.,

---

[2]  While state law defines the substantive elements of a claim based on state law, it does not govern the standard of pleading. See Palladino v. VNA of S. N.J., Inc., 68 F. Supp. 2d. 455, 475 (D.N.J. 1999).  Thus, the specificity with which a defamation claim brought in federal court must be pled is defined by Rule 8, and the substantive elements of that claim are governed by state law.

Civ. No. 99-2862, 1999 WL 1081290, at *3 (D.N.J. Dec. 1, 1999)
("According to Rule 8, a defamation pleading does not need to
cite precise defamatory statements, it must only provide
sufficient notice to the other party of the allegations made
against him."). Thus, Mr. Mangan's pleading must allege the
elements of defamation as defined by New Jersey law to a degree
of sufficient specificity to satisfy the standards outlined in
Rule 8.

In the instant case, Defendants are on notice that Plaintiff
To establish defamation under New Jersey law, a plaintiff
must show the defendant (1) made a false and defamatory statement
concerning the plaintiff, (2) communicated the statement to a
third party, and (3) had a sufficient degree of fault.[3] Singer
v. Beach Trading Co., 379 N.J. Super. 63, 79 (App. Div. 2005).

In the instant case, Defendants are on notice that Plaintiff
believes Defendant Georgiadis falsely accused Plaintiff of the
following: (1) that Plaintiff engaged in "financial
improprieties"; (2) that "CSG had lost faith in Plaintiff's
leadership ability and management skills"; (3) that Plaintiff
"had left CSG because he was not performing his job or providing
CSG with the leadership it expected"; and (4) that Plaintiff was

---

[3] The New Jersey Supreme Court has occasionally listed
"unprivileged publication" as an element of a successful
defamation claim. See Leang v. Jersey City Bd. Of Educ., 198
N.J. 557, 585 (2009). However, while a privileged statement
cannot lead to liability, the Supreme Court of New Jersey has
held that privileges in this instance are affirmative defenses to
be established by the defendant. Coleman v. Newark Morning
Ledger Co., 29 N.J. 357, 376 (1959).

"misleading CSG employees into believing that CSG was making a profit when it was not."  Am. Compl. ¶¶ 66-68.

As explained below, while the second and third of the alleged defamatory statements above are not sufficient to state a claim of defamation, the first and last statements are sufficient to state a defamation claim under Rule 8(a), regardless of whether New Jersey would apply a more heightened standard to Plaintiff's pleading if the action was prosecuted in New Jersey state court.  See Ciemniecki v. Parker McCay P.A., Civ. No. 09-6450, 2010 WL 2326209, at *4 (D.N.J. June 7, 2010).

1.  False and Defamatory Facts

Defendants argue that the statements relating to Plaintiff's dismissal fail to satisfy the requirements for defamation as a matter of law because the alleged statements were statements of opinion.  The Court finds that Defendants' statements criticizing Plaintiff's management proficiency and leadership skills are opinion, but Defendants' statements that contain underlying verifiable facts (i.e., that Plaintiff engaged in financial improprieties, or "cooked the books," or lied about CSG's profitability) constitute mixed opinion and fact which is sufficient to state a claim.

Under New Jersey law, whether a statement is defamatory depends on "its content, verifiability, and context."  Lynch v. N.J. Educ. Assoc., 161 N.J. 152, 167 (1999).  Accordingly, to qualify as a defamatory statement, the statement must be able to

be proven true or false.  Id.  Statements of pure opinion do not satisfy this requirement because such statements only "reflect a state of mind," and therefore generally "cannot be proved true or false."  Id.  However, statements of opinion do not receive "a wholesale defamation exemption."  Milkovich v. Lorain Journal Co., 497 U.S. 1, 18 (1990).

The New Jersey Supreme Court has found that a "mixed opinion" is one that is "apparently based on facts about the plaintiff or his conduct that have neither been stated by the defendant nor assumed to exist by the parties to the communication."  Kotlikoff v. The Comty. News, 89 N.J. 62, 69 (1982).  Therefore, opinion statements can trigger liability if the statements "imply false underlying objective facts."  Lynch, 161 N.J. at 167; see also Ward v. Zelikovsky, 136 N.J. 516, 531-32 (1994) ("The higher the 'fact content' of a statement, the more likely that the statement will be actionable.") (citations omitted).

Here, the statements that "CSG had lost faith in Plaintiff's leadership ability and his management skills" and that Plaintiff "had left CSG because he was not performing his job" are rooted in underlying opinion statements not suitable to move forward in this defamation claim.  Whether someone has proficient management skills or leadership skills is an opinion and it not subject to ready verification.  Instead, such statements merely reflect the state of mind of CSG's officers regarding Plaintiff's job

performance and therefore cannot be considered defamatory.  See
Lecours v. Mobil Corp., 2005 WL 3500802, at *6 (N.J. Super. Ct.
App. Div. December 23, 2005) (finding that statements regarding a
plaintiff's job performance constitute opinion and are not
actionable under a defamation claim); see also Kennedy v. Chubb
Group of Ins. Cos., 60 F. Supp. 2d 384, 389 (D.N.J. 1999)
(holding that generally, statements evaluating an employee's
performance do not qualify as defamatory); Baldwin v. Univ. of
Texas, 945 F. Supp. 1022, 1035 (S.D. Tex. 1996) (performance
reviews "are permissible expressions of opinion and are not
defamatory as a matter of law").

     Conversely, Defendants' alleged statements that Plaintiff
engaged in "financial improprieties" or "cooked the books" and
misled CSG employees into believing that CSG was making a profit
are statements of mixed opinion.  Underlying both of Defendant
Georgiadis' statements are facts indicating that not only did
Plaintiff lie to the company's employees about CSG's profit, but
also that Plaintiff engaged in financial improprieties by
"cooking the books".  These implicit facts underlying the mixed
opinion statements are specifically alleged and with sufficient
evidence, are capable of being proven objectively false by
Plaintiff.  See Moe v. Seton Hall Univ., Civ. No. 09-1424, 2010
WL 1609680, at *8 (D.N.J. 2010) (finding that alleged opinion
statements that implied specific attributes about Plaintiff were
sufficient to constitute defamation).

Accordingly, Defendant's alleged false statements that Plaintiff lied to CSG employees about CSG's profitability and Plaintiff engaged in financial improprieties are mixed opinion and therefore Plaintiff has sufficiently alleged false and defamatory statements.  Id.  By contrast, Defendants' statements regarding Plaintiff's management performance and leadership skills are merely opinion and will be dismissed in Count III.

  2. Communication to a Third Party

To satisfy the communication element of a defamation claim, the complaint must "plead facts sufficient to identify the defamer and the circumstances of publication." Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 767 (1989).  Since all of the CSG's employees were allegedly present during the town hall meetings, the audience is a narrow population that can be easily identified by Defendants.  Moreover, communicating an alleged false statement to "employees and management" is sufficient to constitute publication.  Cruz v. HBS, Civ. No. 10-135, 2010 WL 2989987, at *3 (D.N.J. July 26, 2010).

The Defendants argue that the alleged defamatory statements fail to establish the necessary element of communication to a third party because they were made internally to employees and agents.  Defendants rely on Petrocco v. Dover Gen. Hosp. & Med. Ctr., 138 N.J. 264 (1994), arguing that an intra-organizational communication is not a "publication."

However, that principle is contrary to the weight of authority in New Jersey.  <u>See</u> <u>Cruz</u>, Civ. No. 10-135, 2010 WL 298987, at *7 (finding that New Jersey courts reject "any brightline rule" and assess the circumstances of the allegedly defamatory claim to see if they justify recognizing a privilege); <u>see also</u> <u>Wein v. Thompson</u>, Civ. No. 04-2199, 2006 WL 2465220, *10 (D.N.J. Aug. 23, 2006) (holding that merely being co-workers is not sufficient to defeat a defamation claim if the plaintiff shows that the recipients "had no reason to receive such information").  Instead, statements made internally by one member of an organization to other members are assumed to be published, so New Jersey courts have instead addressed whether the statement was protected by a qualified privilege.  <u>See</u> <u>Abella v. Barringer Res., Inc.</u>, 260 N.J. Super 92, 99 (Ch. Div. 1992) ("A defamatory statement is published when it is communicated . . . to one other than the person defamed.") (citing Restatement (2d) of Torts § 577 (1)); <u>see also</u> <u>Cruz</u>, Civ. No. 10-135, 2010 WL 2989987, at *7. Thus this Court analyzes the argument as a claim for a qualified privilege which will be addressed below.  Therefore, Plaintiff has sufficiently alleged publication.

### 3.  <u>Fault</u>

As a constitutional matter, the Supreme Court requires some showing of fault for a defamation claim.  <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323, 347 (1974); <u>see also</u> <u>Steaks Unlimited, Inc. v. Deaner</u>, 623 F.2d 264, 272 (3d Cir. 1980) (finding that for a

plaintiffs' defamation claim, the "First Amendment forbids states to impose liability without fault"). However, case law has developed two different fault standards. If the plaintiff is a private person, he or she need show only that the defendant was negligent. McLaughlin v. Rosanio, Bailets & Talamo, Inc., 331 N.J. Super. 303, 314 (App. Div. 2000); see also Feggans v. Billington, 291 N.J. Super. 382, 391 (App. Div. 1996) (requiring a showing that defendant negligently failed "to ascertain the truth or falsity of the statement before communicating it"). While if the plaintiff is a public figure, he or she need prove that the defendant was motivated by "actual malice",[4] requiring that the defendant either knew the statement was false or recklessly disregarded its falsity. Feggans, 291 N.J. Super. at 391.

Here, the sufficiency of pleading fault is not contested. Plaintiff alleges that the statements made by Defendant Georgiadis concerning Plaintiff were "malicious, reckless and/or negligently made." Am. Compl. ¶ 70. Defendants have not contested this issue and neither party discusses whether Mr.

---

[4]  The actual-malice standard will also apply when the alleged defamatory statement involves a matter of public concern. See New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964); see also Turf Lawnmower Repair, Inc. v. Bergen Record Corp., 139 N.J. 392, 413 (1995). Accordingly, a publication by a media defendant concerning public health and safety, a highly regulated industry, or allegations of fraud will involve a matter of public concern. See Turf Lawnmower, 139 N.J. at 410. To determine if all other media and non-media cases involve a public concern, courts consider the content, form, and context of the speech. See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 761 (1985).

Mangan is a private or public figure or if the defamatory statements involve a public concern.

     4.  <u>Privileged</u>

Defamation claims involve a balancing between "protecting reputations against false attacks and serving the public interest of free communication." <u>Cruz</u>, Civ. No. 10-135, 2010 WL 298987, at *4.  In New Jersey, the common law qualified privilege is used to strike this balance.  <u>Dairy Stores v. Sentinel Publ'g Co.</u>, 104 N.J. 125, 136-37 (1986).  Here, Defendants argue that the alleged defamatory statements are protected by the qualified privilege because the statements were made to co-workers and those with an interest in CSG's business affairs.

A communication is privileged if the person communicating the alleged defamation and the audience have a "commensurate interest or duty in the communication." <u>Cruz</u>, Civ. No. 10-135, 2010 WL 2989987, at *4.

> The test to determine whether a communication is entitled to the common interest privilege requires the Court to look to (1) the appropriateness of the occasion on which the defamatory information is published, (2) the legitimacy of the interest thereby sought to be protected or promoted, and (3) the pertinence of the receipt of that information by the recipient.

<u>Prof'l Recovery Servs., Inc. v. General Elec. Capital Corp.</u>, 642 F. Supp. 2d 391, 401 (D.N.J. 2009) (citing <u>Bainhauer</u>, 215 N.J. at 37).[5]

---

[5]  A qualified privilege is an affirmative defense.  <u>Binkewitz v. Allstate Ins. Co.</u>, 222 N.J. Super. 501, 517 (App. Div. 1988) ("Just as in a defamation action, the qualified privilege is a

Simply being co-workers is not sufficient to show a qualified privilege existed, because there must be some evidence of a common interest.  See Cruz v. HSBC, Civ. No. 10-135, 2010 WL 2989987, at *6 (D.N.J. July 26, 2010).  For example, in Bainhauer, the New Jersey Appellate Division found that a surgeon's report to his supervisor and fellow surgeons regarding an anesthesiologist's poor performance was entitled to a qualified privilege because of the public's interest in quality healthcare.  215 N.J. Super. at 38-40.

Similarly, the Defendants in Professional Recovery Services were granted the privilege because the Defendants had a legitimate interest and duty to prevent consumer fraud.  642 F. Supp. 2d at 401-02 (reasoning that the public interest in preventing fraud requires that those charged with responding to consumer security threats "be permitted to engage in self-regulation without excessive fear of defamation").  Even defamation statements relating to the firing of an employee for insubordination require some apparent level of common interest in order for the communication to be privileged.  For example, in Whiting v. Computer Asscoc., Inc., all statements regarding plaintiff's alleged insubordination were made between supervisors, co-workers, human resource personnel, and the legal

---

defense which must be raised by defendant."). Thus, as an affirmative defense, a motion to dismiss on the basis of a qualified privilege can be granted if the defense is "apparent from the face of the complaint." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 n.10 (3d Cir. 1978).

department.  Civ. No. 01-1583, 2001 U.S. Dist. LEXIS 23539, at
*19-20 (D.N.J. Aug. 20, 2001).  A qualified privilege was granted
because all of those individuals had "a legitimate interest in
knowing the reason for [Plaintiff's] discharge."  Id. at *20.

Applying the Bainhauer test to the present case, it is not
clear from the face of the Complaint that Defendants are entitled
to a qualified privilege.  First, the Complaint simply states
that the publication occurred internally to CSG employees and
consultants at a CSG town hall meeting.  These facts provide no
indication that the town hall meetings were appropriate occasions
to disseminate information about CSG's former CEO and his alleged
wrongdoings.  The Court would need to take notice of specific
facts outside the Complaint to determine if the town hall
meetings were appropriate occasions to publish the alleged
defamatory statements.  Consideration of matters outside the
pleadings, other than documents referenced in or attached to the
pleadings, is not generally permitted in a Rule 12(b)(6) motion
to dismiss.

Second, while co-workers certainly have some degree of
common interest regarding the future of their company, the
Complaint does not indicate any common interest relating to the
alleged falsehoods and financial improprieties of the former CEO.
The Court would again need additional facts, such as the
financial health of the Defendants' company or its exposure to
outside investigation or regulation, or the purpose of such

statements for training or setting an example for employees in the audience, to determine the scope of any such shared interest among the employees.  Moreover, the Complaint alleges that the statements were also communicated to outside consultants, and there is no information regarding what common interest the outside consultants shared with the employees of CSG.  Therefore, it is impossible at the motion to dismiss stage to assess the legitimacy of those interests.

Third, the recipients are identified as "all employees and a number of its outside consultants."  This is not enough information for the Court to assess whether their receipt of the statements was pertinent due to the large amount of attendees at the meetings.  See Cruz, Civ. No. 10-135, 2010 WL 2989987, at *6 (finding that a supervisor might need to know about alleged misdeeds, but other colleagues may have no such interest).  While it is not hard to imagine that this audience of employees and paid consultants was entitled to know why their former CEO was terminated and the misdeeds that were under investigation, it is not evident from the pleadings alone that this is so.  Thus, absent sufficient facts regarding the circumstances surrounding the publication, the interests involved, and the pertinence of the communication to those who received the information, the Court cannot yet determine if the qualified privilege applies.[6]

---

[6]  Because this Court does not find that a qualified privilege exists on the face of the Complaint, there is no discussion regarding whether the privilege was abused.

Plaintiff has pleaded enough facts to form the basis of a plausible defamation claim, but the Complaint does not contain facts sufficient to make the existence of the affirmative defense of a qualified privilege "apparent from the face of the complaint." Bethel, 570 F.2d at 1174.

**C. Claim Against Defendant Georgiadis as an Individual**

Defendant Georgiadis argues that Count III of the Complaint fails as a matter of law because there is no allegation that Defendant Georgiadis was acting outside the scope of his employment.  The Court finds that this argument is meritless.

While New Jersey law supports the proposition that employees cannot be found liable for tortious interference with a co-employee's contractual advantage (a claim that is not made in this action), the same is not true for other torts including defamation.[7] See Moe v. Seton Hall Univ., Civ. No. 09-1424, 2010 WL 1609680, at *9 (D.N.J. April 20, 2010).  "A director or officer who commits [a] tort [excluding tortious interference of contract]. . . is liable to third persons injured" even though liability for the same tort "may also attach to the corporation." Van Natta Mech. Corp. V. Di Staulo, 277 N.J. Super. 175, 192 (App. Div. 1994); see also Moe v. Seton Hall Univ., at *9 ("Corporate officers are liable to persons injured by their own torts, even though they were acting on behalf of the corporation.").

---

[7]  The defendants cite only to cases regarding tortious interference with a contract.

Accordingly, Defendant Georgiadis is not excused from liability to Mr. Mangan for the mere fact that the alleged false statements were made in his capacity as CEO.


## IV. CONCLUSION

The Court concludes that Defendants' motion to dismiss Count III must be denied in part because the statements that Plaintiff engaged in "financial improprieties" and Plaintiff misled employees into believing that CSG was making a profit state a prima facie case for defamation, and because the Complaint does not contain enough facts for Defendants to invoke the affirmative defense of a qualified privilege; Defendants may renew their motion for qualified privilege by supplying an appropriate factual context through a motion for summary judgment. However, the statements regarding Plaintiff's management and leadership skills constitute opinion and are not considered defamatory; Plaintiff's claims of defamation with regard to these statements in Count III will therefore be dismissed. Additionally, Defendant Georgiadis's argument that he cannot be held liable in tort for alleged actions conducted on behalf of CSG is denied. The accompanying Order shall be entered.


| August 1, 2011 | s/ Jerome B. Simandle |
|---|---|
| Date | JEROME B. SIMANDLE |
| | United States District Judge |